UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVSION

| | |
|---|---|
| U.S. MORTGAGE PROTECTION INC. ) <br> d/b/a/ TRADEWELL TAX AND FINANCIAL ) <br> LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> HEATHER L. FOSTER., ) <br> ) <br>     Defendant. ) | CAUSE NO.: 1:18-CV-144-TLS |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff U.S. Mortgage Protection Inc. d/b/a Tradewell Tax and Financial LLC's Emergency Motion to Remand to State Court [ECF No. 6], filed on May 23, 2018, to which the Defendant responded [ECF No. 16] on May 24, 2017, at the Court's direction. On May 16, 2018, the Plaintiff filed its Complaint [ECF No. 9] in state court against Defendant Heather L. Foster, alleging breach of contract, breach of fiduciary duty, and tortious interference with business and contractual relations, and requesting damages, disgorgement, and injunctive relief.[1]

The Defendant filed a Notice of Removal on May 22, 2018 [ECF No. 1], pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The Plaintiff argues that there is no basis for federal question jurisdiction and requests that the Court remand this case to state court.

---

[1] On May 16, 2018, the Plaintiff filed a Motion for a Preliminary Injunction [ECF No. 12] in state court, requesting that the court enjoin the Defendant from soliciting the Plaintiff's customers and taking other actions inconsistent with her covenant not to compete. The Court has not set a hearing for this Motion. On May 17, 2018, the Plaintiff also filed an Ex Parte Motion for a Temporary Restraining Order [ECF No. 13]. No action has been taken with regard to this Motion yet either.

**BACKGROUND**

The instant case is a dispute between an employer and a former employee. The Defendant formerly worked for the Plaintiff, providing financial planning services for the Defendant's clients. (Compl. ¶ 5.) On January 28, 2012, the Defendant signed a "Noncompetition Agreement" [Compl. Ex. 1, ECF No. 11],[2] which prohibited her from undertaking certain actions if she left the Plaintiff's employ, including contacting the Plaintiff's clients, informing the Plaintiff's clients of her intention to leave the Plaintiff's employ, inducing or attempting to induce the Plaintiff's clients to cease doing business with the Plaintiff, and soliciting business from the Plaintiff's clients. (*Id.* at ¶ 6, 10).

While employed by the Plaintiff, the Defendant had access to accounting and financial data, business plans and strategies, client lists and identities, and other confidential information belonging to the Plaintiff. (*Id.* at ¶ 8.) The Defendant left the Plaintiff's employ on May 8, 2018, and incorporated a new Indiana limited liability company called Foster Financial Services LLC the next day. (*Id.* at ¶¶ 9, 13.) The Plaintiff alleges that prior to the Defendant's departure, she downloaded confidential information regarding clients for whom she did not previously provide services as well as information regarding prospective clients. (*Id.* at ¶ 11.) The Plaintiff also alleges that the Defendant has contacted and solicited the Plaintiff's customers and used confidential information in violation of her covenant not to compete. (*Id.* at ¶¶ 15–21.)

The Plaintiff's Complaint states only state law causes of action and asserts no claims under federal law. However, the Defendant argues that because of the nature of her work and the

---

[2] The Plaintiff mistakenly filed an incorrect copy of the Noncompetition Agreement with its original Complaint and subsequently filed a Motion [ECF No. 11] to substitute the correct copy, which the Court granted during a telephone conference on May 25, 2018 [ECF No. 17]. The copy submitted with the Complaint contained an extra page that was not part of the contract.

Plaintiff's business, this case requires the Court to interpret federal law and therefore involves a substantial federal question. Specifically, this substantial federal question involves "the offering of investment advisory services and sale of federally registered securities by individuals and entities that are expressly subject to the Investment Adviser's Act of 1940, 15 U.S.C.A. § 80b-1, *et seq.*" (*See* Def. Resp. Br. 1, ECF No. 16.) The Defendant asserts that her Noncompetition Agreement prohibits the Defendant from providing services that are exclusively governed by the Investment Adviser's Act (IAA). (*Id.* at 2.) And, because the Plaintiff must show a legitimate business interest in order to succeed on its claims, the Court will have construe the IAA to determine what activities and services the Plaintiff may perform by law. (*Id.*) Therefore, the Defendant asserts that this case "arises under" federal law. On May 25, 2018, the Court held a telephone conference and confirmed that neither party had arguments to make regarding this issue other than those already of record.

## ANALYSIS

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III. A defendant may remove a case that was originally filed in state court to federal court if the case satisfies certain jurisdictional requirements as provided by statute. *See* 28 U.S.C. § 1441–55. Under 28 U.S.C. § 1441,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Here, the Defendant alleges that she may properly remove the action because the Court has jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that federal

3

district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The law is well settled in this area. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

As the Supreme Court has made clear, "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 12 (1983)). The "complete preemption corollary" is an exception to this rule where "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metrop. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

In *Caterpillar*, the plaintiffs filed a state law claim against Caterpillar for breach of individual employment contracts. *Id.* at 390. Caterpillar removed the case to federal court on the basis of federal question jurisdiction, arguing that individual employment contracts were merged into collective bargaining agreements, which are governed by § 301 of the Labor Management Relations Act (LMRA). *Id.* Caterpillar thus argued that the LMRA completely preempted the state law claim. The Supreme Court disagreed, finding that the cause of action was not substantially dependent upon interpretation of the collective-bargaining agreement, and "it would

4

be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 395 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985)). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the [federal statute] does not establish that they are removable to federal court." *Id.* at 398. The Supreme Court also rejected the proposition that removal is proper "when the [defendant] raises only a defense that requires a court to interpret or apply" a contract governed by the LMRA. *Id.* Ultimately, the Supreme Court concluded:

> But the presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. . . . a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 398–99 (emphasis in original).

In this case, the Defendant has not argued that the Plaintiff's claims are preempted. Nor has she argued a federal question as a defense to the Plaintiff's claims. Instead, the crux of the Defendant's argument is that the instant case "arises under" federal law because the Court must interpret federal law (the Investment Advisers Act of 1940) to decide whether the Plaintiff has a claim under state (contract) law, and that this federal question is apparent from the face of the Complaint. But *Caterpillar* does not support such a reading of the Complaint. Even if the Court assumes that it must interpret federal law to determine whether the Plaintiff has a viable state law claim, that alone is insufficient to establish federal question jurisdiction.

Further illustrating this conclusion, the Supreme Court has held that state law tort claims based on whether drugs were improperly labeled under federal law do not "arise under" federal law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 804, 817 (1986). Instead, the state law claim must raise a "stated federal issue, actually disputed and *substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (emphasis added). The Plaintiff, as master of its claims, has pleaded claims based on a non-compete contract. The Defendant has pointed to no actually-disputed federal issue that would transform any of the Plaintiff's state law claims into a federal cause of action.

The Defendant relies, perhaps understandably, on *Grable* for her assertion regarding federal question jurisdiction. The Seventh Circuit has acknowledged that by its decision in *Grable*, "the [Supreme] Court has greatly complicated the [federal question jurisdiction] analysis." *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007). This is because, as stated previously, "a federal issue, even an important one, usually is insufficient for § 1331 jurisdiction." *Id.* But the holding in *Grable* is narrow and distinguishable from this case. In *Grable*, "apart from the procedural device (a quiet-title action), there was *nothing* in it but federal law[.]" *Id.* The *only* contested issue in the case was whether Grable had received adequate notice under I.R.C. § 6335(a). *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). As such, "[t]he meaning of the federal tax provision [was] an important issue of federal law that sensibly belong[ed] in a federal court." *Grable*, 545 U.S. at 315. Here, there are predominantly fact issues surrounding the Plaintiff's state law claims and the Plaintiff's desired remedies, all relevant to state law. Generally, a claim does not arise under federal law when state law issues are likely to predominate over concerns involving federal law. *Bennett*, 484 F.3d at

910 (remanding where a negligence case against heavily federally regulated parties—an airline, airport operator, and a plane manufacturer—involved "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law").

Several courts in this circuit have similarly construed *Grable* narrowly. *See, e.g.*, *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033, 1035 (remanding where complaint stated claims for conversion under state law and defendant moved for removal contending that the Patient Protection and Affordable Care Act, 42 U.S.C. § 18002, and its implementing regulations were the crux of the litigation); *see also Navistar Int'l Corp. v. Deloitte & Touche LLP*, 837 F. Supp. 2d 926, 929–33 (N.D. Ill. 2011) (remanding where complaint stated claims under state law against an auditor who claimed federal question jurisdiction because its professional standards were governed by rules promulgated pursuant to the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7201 *et seq.*); *Rosenberg v. Advocate Health & Hospitals Corp.*, No. 11 C 2493, 2011 WL 1548391, at *1 (N.D. Ill. Apr. 22, 2011) (remanding where complaint stated claims under state law that required interpretation of the reporting requirements under the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101–11152); *Giles v. Chi. Drum, Inc.*, 631 F. Supp. 2d 981, 982 (N.D. Ill. 2009) (remanding where the complaint stated claims under state law, including civil conspiracy to violate the Resource Conversation and Recovery Act, 42 U.S.C. § 6901 *et seq.* and the Illinois Environmental Protection Act, 415 ILCS 5/20 *et seq.*). *But see Samuel C. Johnson 1988 Trust v. Bayfield Cty., Wis.*, 649 F.3d 799, 801 (2011) (finding *Grable* jurisdiction in a quiet title action where the plaintiffs based their right to the land on the terms of an original federal grant of land originally owned by the federal government).

The Court finds that *Cantrell v. Briggs & Veselka Co.*, is instructive. No. H-14-509, 2014 WL 6900846 (S.D. Tex. Dec. 5, 2014). In *Cantrell*, the plaintiffs and defendants entered into a settlement agreement whereby, among other non-germane terms, the defendants would make payments to the plaintiffs but would not issue an IRS Form W-2 to the plaintiffs. *Id.* at *1. The defendants allegedly repudiated the settlement agreement, and the plaintiffs filed suit in state court to enforce the settlement agreement. *Id.* The defendants removed the action to federal court based on federal question jurisdiction because "the enforcement of the settlement agreement involves a substantial federal question because the agreement challenges the Internal Revenue Code's ("IRC") reporting and withholding provisions." *Id.* The court disagreed and remanded the case to state court. First, the court disagreed that the case required interpretation of federal tax law, and instead found that the case involved the simple issue of whether the defendants issued a W-2 to the plaintiffs. *Id.* at *4. Further, the court explained that even if the plaintiffs' claims required the court to resolve an issue of federal law, such a determination was not "substantial." *Id.* The "case [was] about a contract, and though the contract may include a tax provision, the primary question before the court [was] whether the contract was breached." *Id.*

The same is true here. The instant case is a standard non-compete contract dispute between an employer and a former employee. Indiana courts regularly hear these cases and are well-equipped to handle them. *See, e.g.*, *Hannum Wagle & Cline Eng'g, Inc. v. Am. Consulting, Inc.*, 64 N.E.3d 863 (Ind. Ct. App. 2016); *Duneland Emergency Physician's Med. Grp., P.C. v. Brunk*, 723 N.E.2d 963 (Ind. Ct. App. 2000). In this case, a factfinder simply needs to determine whether the Defendant observed her duty of loyalty, abided by the Noncompetition Agreement, and behaved in a non-tortious manner. Any federal concerns are tangential and insubstantial to the primary issues of state law.

The Plaintiff asserts that the Defendant removed this case to federal court as a bad-faith delay tactic, and, therefore, the Court should award attorney's fees to the Plaintiff. Although the Court disagrees with the Defendant, the Court does not find the Defendant's action was so unreasonable as to justify an award of attorney's fees, especially given the Seventh Circuit's acknowledgement of the confusion caused the by the Supreme Court authority on which the Defendant relied. Therefore, the Court will not award attorney's fees. *See, e.g.*, *Navistar*, 837 F. Supp. 2d at 933 ("The governing jurisdictional standard is flexible enough, and the body of governing precedent is thin enough, that it cannot be said that Deloitte acted unreasonably in removing this case to federal court.")

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiff's Emergency Motion to Remand [ECF No. 6], REMANDS the case to the Allen Superior Court, and declines to award attorney's fees to the Plaintiff.

SO ORDERED on May 29, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
